IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK MAGAZU,

        Plaintiff,

        v.

CHILENO BAY FAMILY OFFICE, LLC,
BELPOINTE ASSET MANAGEMENT, LLC,
and SHELDON DYK,

        Defendants.

Civil Action No. 24-1107-GBW

## MEMORANDUM ORDER

Pending before the Court is Defendants Chileno Bay Family Office, LLC ("CBFO") and Sheldon Dyck's ("Dyck") (collectively, "Defendants") Motion to Dismiss Plaintiff Mark Magazu's ("Plaintiff") Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) ("Motion to Dismiss" or "Motion") (D.I. 4), which has been fully briefed (D.I. 5; D.I. 9; D.I. 11). For the reasons set forth below, the Court grants-in-part and denies-in-part Defendants' Motion to Dismiss.

## I.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(2)

"Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction." *ACCO Brands USA LLC v. Performance Designed Prods. LLC*, No. 23-437, 2024 U.S. Dist. LEXIS 8333, at *1 (D. Del. Jan. 17, 2024) (citations omitted). "The determination of whether the court has personal jurisdiction over a party requires a two-part analysis." *Id.* (citation omitted). "First, the court must determine whether a defendant's actions fall within the scope of a state's long-arm statute." *Id.* at *1-2 (citation omitted). Delaware's long-arm statute provides:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. Code § 3104(c).

"Second, the court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the Constitution." *ACCO Brands*, 2024 U.S. Dist. LEXIS 8333, at *2 (citations omitted). "Due process requires that sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *Tristrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008) (citations omitted); see also *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "This minimum contacts doctrine can be met through a showing of general jurisdiction or specific jurisdiction." *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 666 (D. Del. 2018) (citation omitted).

2

"A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "A corporation's 'principal place of business' and state of incorporation are 'paradigm' bases for finding general jurisdiction with respect to corporations." *Id.* (quoting *Daimler*, 571 U.S. at 137). "However, other 'substantial, continuous, and systematic' contacts with a forum state may form the basis for general jurisdiction if they are of such a nature and degree to render the defendant essentially at home in the forum State." *Id.* (quoting *Daimler*, 571 U.S. at 137).

"Specific jurisdiction refers to the authority to hear cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Id.* (cleaned up). "This type of personal jurisdiction exists where (1) the defendant has purposefully directed his activities at residents of the forum, and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

"The plaintiff bears the burden of establishing that the defendants are properly subject to the court's jurisdiction." *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 502 (D. Del. 2017) (citation omitted). "Where no evidentiary hearing on personal jurisdiction has occurred, a plaintiff bears the burden of alleging facts sufficient to make a prima facie case of personal jurisdiction over the defendant." *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 475 (D. Del. 2021) (cleaned up).

## B.   Federal Rule of Civil Procedure 12(b)(6)

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such

3

a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

4

## II.    DISCUSSION[1]

### A.    The Court Grants Defendants' Motion With Respect to Lack of Personal Jurisdiction over Dyck

Defendants contend that Plaintiff does not sufficiently allege that the Court has personal jurisdiction over Defendant Dyck.    Defendants are correct.    The court addresses Plaintiff's allegations and argument below.

*First*, Plaintiff contends that the Court has personal jurisdiction over Dyck because of Dyck's position as manager, sole member, and executive chairman of CBFO. D.I. 9 at 6.    Plaintiff further contends that "[b]ecause Dyck personally formed, managed, and dissolved CBFO in Delaware, he availed himself to the benefits and protections of the laws of the State of Delaware for those acts." *Id.* at 7.    "The act of incorporation is sufficient to confer personal jurisdiction, however, only if the claims at issue are related to the act of incorporation or are based upon Delaware corporate law." *Mktg. Prods. Mgmt., LLC v. HealthandBeautyDirect.com, Inc.*, No. 02C-04-256, 2004 Del. Super. LEXIS 26, at *6 (Super. Ct. Jan. 28, 2004) (footnotes omitted); *see also Fortis Advisors LLC v. Johnson & Johnson*, No. 2020-0881, 2021 Del. Ch. LEXIS 290, at *16 (Del. Ch. Dec. 13, 2021) (holding that "the formation of a Delaware entity must be central to the plaintiff's claims of wrongdoing" to confer personal jurisdiction).    The claims asserted herein neither concern the act of incorporation nor rest upon Delaware corporate law.[2]  Thus, Dyck's acts

---

[1] The Court writes for the parties' benefit and assumes their familiarity with the case.  For the purpose of resolving the present Motion, the Court adopts the factual and procedural background set forth in the Court's May 16, 2025 Order denying Defendant Belpointe Asset Management, LLC's ("Belpointe") Motion to Dismiss (D.I. 19).

[2] The alleged claims are (I) Breach of Contract; (II) Promissory Estoppel; (III) Unjust Enrichment; and  (IV) violation of the New Jersey Wage Payment Act. D.I. 1-1.

of incorporation in Delaware are insufficient to support a *prima facie* case of personal jurisdiction over Dyck as a matter of law.

*Second*, Plaintiff contends that "Dyck's personal involvement with forming and cancelling CBFO subjects him to jurisdiction in Delaware under 10 *Del. C.* 3104(c)(1) – Delaware's long-arm statute." D.I. 9 at 10. However, Plaintiff does not allege that any of the alleged claims arose from Dyck's acts of incorporation. Thus, Plaintiff falls short of alleging that such activity "actually took place **in** Delaware." *See Bos. Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009) (emphasis in original) (holding that "transacting business with a Delaware corporation outside of Delaware does not satisfy Delaware's long-arm statute" where the alleged activities did not "actually" occur "in Delaware"). Therefore, such formation and cancellation do not support a *prima facie* case of personal jurisdiction over Dyck as a matter of law.

*Third*, Plaintiff alleges that "Dyck, as CBFO's Manager and sole Member is subject to jurisdiction in Delaware under 19 *Del. C.* Chapter 18-101 *et seq.* and other law." D.I. 1-1 ¶ 8. Plaintiff contends, once again, that Dyck, as CBFO's manager, engaged in and transacted business in Delaware. D.I. 9 at 14.

"6 Del. C. § 18-109 provides that managers of Delaware limited liability companies may be served with process and subject to personal jurisdiction through their implied consent." *Chow v. Canyon Bridge Cap. Partners, LLC*, No. 22-00947, 2024 WL 3510917, at *8 (D. Del. July 22, 2024). In *Next Level Ventures, LLC v. AVIS USA Technologies LLC*, 2023 WL 3141054 (Del. Ch. Mar. 16, 2023), the Court of Chancery comprehensively examined the parameters of implied consent to personal jurisdiction pursuant to § 18-109. Relying on the statute's plain language, the

6

court held that for claims to fall within the ambit of § 18-109, the claims "must relate to the business of the limited liability company or be a violation by the manager of a duty to the limited liability company." *Id.* at \*20 (cleaned up). The court in *Next Level Ventures* also held that "[e]ven if a claim falls within the plain meaning of Section 18-109, the defendant is not subject to personal jurisdiction unless the exercise of personal jurisdiction comports with due process." *Id.* at \*21. "For the exercise of personal jurisdiction to comport with due process, the nonresident defendant's contacts with the forum must rise to such a level that it should reasonably anticipate being required to defend itself in Delaware's courts." *Id.* (internal citations omitted). Due process may also be satisfied where:

> (1) [T]he allegations focused on the defendant's rights, duties, and obligations as the manager of a limited liability company, (2) the matter was inextricably bound up in Delaware law, and (3) Delaware has a strong interest in providing a forum for disputes relating to the actions of managers of a limited liability company formed under its law in discharging their managerial functions.

*Id.* (quotation marks omitted).

Defendants contend that this Court lacks personal jurisdiction over Dyck because Plaintiff fails to demonstrate sufficient ties among the claims, Dyck, and Delaware, such that the exercise of jurisdiction would comport with due process. D.I. 5 at 12. Defendants further contend that this case is analogous to *Sage Chem., Inc. v. Supernus Pharms., Inc.*, No. 22-1302, 2024 WL 2832453, at \*5 (D. Del. May 31, 2024), in which this Court held that it lacked personal jurisdiction over individual defendants who were managers of a Delaware entity, reasoning that "the connection between Delaware and the Individual Defendants' relevant actions [was] otherwise thin." *Id.* The Court further observed that it was unclear how Delaware law was "inextricably bound up" in the case, as plaintiffs asserted, given that the state law claims at issue were brought under New Jersey

7

law. *Id.* In response, Plaintiff contends that Dyck, as the only manager and officer of CBFO, obligated CFBO to comply with "employment and contractual rights by hiring Magazu, and then further entwined himself, CBFO, and the claims in this Dispute under Delaware law by offering Magazu equity in CBFO as part of the compensation package, which was never retracted." D.I. 9 at 14. Therefore, Plaintiff contends that the offer of equity and ownership relates to the business of CFBO and falls within the terms of § 18-109(a). *Id.*

The Court agrees with Defendants that exercising personal jurisdiction over Dyck, under the circumstances, would not comport with due process. Although Plaintiff invokes § 18-109 and argues that Dyck, as CBFO's manager, implicitly consented to jurisdiction in Delaware, the Court finds that such implied consent does not extend to the claims at issue here. Consistent with *Sage*, the limited connections between Dyck, the underlying claims, and the State of Delaware are insufficient to establish the requisite nexus for jurisdiction. The Complaint fails to allege that Dyck engaged in any conduct in Delaware that could give rise to the asserted claims. *See Ramco Asset Mgmt., LLC v. USA Rare Earth, LLC*, No. 2022-0665, 2023 WL 6939263, at *5 (Del. Ch. Oct. 20, 2023) (finding that contract claims "bear no relationship to the duties of managers" and "cannot support imposing personal jurisdiction over the legal claims, as a matter of due process") (cleaned up). Moreover, at least one of the claims that Plaintiff asserts is brought under New Jersey state law. Therefore, the Court finds that Plaintiff has not demonstrated that Dyck's contacts with Delaware are sufficient to make out a *prima facie* case such that the due process prong of the personal jurisdiction analysis has been met to exercise personal jurisdiction over Dyck in Delaware in this action.

8

For the reasons set forth above, Plaintiff fails to sufficiently allege that this Court has personal jurisdiction over Dyck. Therefore, the Court grants Defendants' Motion with respect to Dyck and declines to address Dyck's remaining arguments.

### B.    The Court Denies CBFO's Remaining Arguments

CBFO also contends that the Court should dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). CBFO raises arguments substantially identical to those presented by Belpointe in its motion to dismiss. *See* D.I. 8-1. Having already determined that Plaintiff's claims were properly plead as to Belpointe, the Court finds the same reasoning applicable to CBFO. Accordingly, CBFO's Motion to Dismiss on these grounds is denied.

### III.    CONCLUSION

For the foregoing reasons, the Court grants-in-part and denies-in part Defendants' Motion.

\* \* \* \* \*

WHEREFORE, at Wilmington this 31st day of March 2026, **IT IS HEREBY ORDERED** that Defendants Chileno Bay Family Office, LLC and Sheldon Dyck's Motion to Dismiss Plaintiff Mark Magazu's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (D.I. 4) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

_____

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE
